## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LEON SPEIGHT SMOOTS, | : |
| Petitioner, | : |
| | CIVIL ACTION NO. 17-0185-CG-MU |
| | : |
| vs. | CRIMINAL NO. 15-0146-CG-MU |
| | : |
| UNITED STATES OF AMERICA, | |
| | : |
| Respondent. | |

### REPORT AND RECOMMENDATION

This cause is before the undersigned on Petitioner Leon Speight Smoots' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 39),[1] and the government's motion to dismiss (Doc. 41).[2] This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings in this case, it is recommended that Smoots' § 2255 motion be **DENIED** and the government's motion to dismiss **GRANTED**.

---

[1] Smoots originally filed a motion to vacate that was not on this Court's form (*see* Doc. 37). He was ordered to file his complaint on this Court's form § 2255 petition and informed that his updated motion to vacate would replace the original and control disposition of his case. (Doc. 38). Therefore, this opinion is directed to the pleading Smoots filed on this Court's form. (Doc. 39). The original motion (Doc. 37) is **MOOT**.

[2] After the filing of the motion to dismiss, Smoots was informed by Order dated June 1, 2017 (Doc. 42) that the previous submission order entered in this case (Doc. 40) was being modified to provide that he file "his reply to the government's motion to dismiss not later than **July 5, 2017.**" (Doc. 42.) To date, Smoots has not filed a reply to the government's motion to dismiss. (*See* Docket Sheet.)

## **FINDINGS OF FACT**

On June 25, 2015, Smoots was charged by indictment with one count of possession with intent to distribute a controlled substance—that is, crack cocaine—in violation of 21 U.S.C. § 841(a)(1) (Count 1) and using, carrying, and possessing a firearm—specifically, a Taurus .38 caliber pistol, a Springfield 410 pump action shotgun, and a Winchester 30-W.C.F. rifle—in furtherance of the drug trafficking crime set forth in Count 1 of the Indictment, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 1, at 1-2). Petitioner entered counseled guilty pleas to both charges on February 18, 2016. (*See* Doc. 43). During the change of plea hearing, Smoots acknowledged he had received a copy of the indictment, fully discussed the charges with his attorney, and stated he understood the charges pending against him. (*Id.* at 6)[3]. Most importantly, Smoots acknowledged signing the plea agreement and factual resume after reading and discussing those documents with his attorney (*id.* at 7) and specifically stated, after hearing the elements of each offense explained to him (*id.* at 15-16; *see also id.* at 16 ("In order to convict you of [violating 18 U.S.C. § 924(c)(1)(A)], the government would have to prove that you committed the drug-trafficking act or crime charged in count one and that you knowingly used, carried, or possessed a firearm during and in relation to or in furtherance of that drug-trafficking crime.")), that, by signing the factual resume, he was admitting the government could prove the set of facts in that document in support of his plea. (*Id.* at 17). The Factual Resume reads, in relevant measure, as follows:

> In late July of 2014, Mobile County Sheriff's Deputy Clint Law

---

[3] Smoots also informed the Court that he was satisfied by the representation and advice he received from his attorney. (*Id.* at 7).

received information from a reliable confidential informant that a black male whose last name is "Smoots" was involved in the distribution of crack cocaine, selling and storing the substance at 859 Charles Street. This informant was familiar with crack cocaine by appearance and odor. The informant met with Deputy Law and other deputies and they searched the informant and provided the informant with premarked United States currency to be used in making a controlled buy of crack cocaine from Smoots, who was subsequently identified as the defendant Leon Speight Smoots. Deputy Law and the informant drove to the address on Charles Street and Deputy Law waited there while the informant entered the back door of the residence. The informant purchased a "rock" of crack cocaine from Smoots in exchange for the premarked cash. Smoots told the informant that he had additional amounts of crack cocaine if the informant wanted more. The informant came out of the house, got back into the vehicle with Deputy Law and they drove to a prearranged location where Deputy Law took possession of the crack cocaine. The informant was again searched for contraband or cash, and none was found. Deputy Law field-tested the drugs and the substance was positive for crack cocaine (cocaine base). The substance was submitted to the Alabama Department of Forensic Sciences for analysis.

   Deputy Law applied for a search warrant with Mobile County District Court Judge George Hardesty, and the judge signed the warrant on July 25, 2014. On August 1, 2014, Deputy Law and other Mobile County sheriff's deputies approached the residence on Charles Street to execute the warrant. The deputies knocked and announced. No one responded after several announcements and knocks. The deputies forcibly opened the burglar bars over the door and a steel ram was used to access the residence through the wood door. Tiffany Jones was in one bedroom, adjoining another bedroom where her three minor children were found. **Smoots and Amelia Jones were in the master bedroom in the residence.** All of them were moved to the kitchen and secured while the officers began to execute the search warrant.

   Smoots, Amelia and Tiffany were advised of their Miranda rights by Deputy Law. All three said they understood their rights. Smoots was asked to assist the officers in pointing out the evidence, but he refused to cooperate. Smoots told the deputies he did not want to answer questions pertaining to drugs.

   The deputies searched the house and **found four cookies of crack cocaine on a plate in the top of the closet in the master bedroom, along with Smoots' 2011 tax return papers. Also in the closet were several boxes of ammunition, and three guns.** There was a Taurus .38 special revolver, serial number UL54291, loaded with five

3

>rounds in a black box [o]n the top shelf *of that closet*. There was a Springfield .410 model 67 F shotgun, serial number A559397 *in the closet in the master bedroom*, and a Winchester 30-30 model 1894 rifle, serial number 681513 *in the same closet*. *The deputies also found $1,705 in cash along with Smoots' driver's license in a jewelry box in the master bedroom. Cutting material used to dilute cocaine was found on the top of the dresser by the wall in the master bedroom. A round metal tin was also found on top of the jewelry box next to the dresser in the master bedroom. Inside the box were assorted sandwich bags that contained two plastic bags of crack cocaine, two clear plastic bags containing cocaine powder and a digital scale.* There was also a jar containing marijuana and two burned hand rolled marijuana cigarettes in an ashtray on the table next to the chair in the master bedroom.
>
>. . .
>
>ATFE TFO Lorne Watts assisted in the investigation, and took custody of the firearms seized during the execution of the warrant. He obtained an opinion from ATFE SA Ron Peterson that none of the firearms were manufactured in the state of Alabama. Both the agents identified the weapons as "firearms" within the meaning of the statute.

(Doc. 23, at 2-4 & 4 (emphasis supplied)).

Smoots was sentenced on May 18, 2016 to a total term of 120 months--five (5) years (60 months) on the drug-trafficking crime, as set forth in Count 1 of the Indictment, and a consecutive 5-year term of imprisonment (60 months) for using, carrying, or possessing a firearm in furtherance of and in relation to the drug-trafficking charge set forth in Count 1 of the Indictment. (*See* Doc. 34, at 1-2.) That same date, May 18, 2016, Smoots and his attorney, James D. Brandyburg, signed and filed a Notice of No Appeal (*see* Doc. 33). Smoots' signature appears after the following language:

>I have been advised by the Court and by my attorney of my right to appeal my conviction and sentence. I have consulted with my attorney, who has explained the advantages and disadvantages of taking an appeal. I have had sufficient time to consider my options and require no

> further explanation. After consideration, it is my desire to inform the Court that I do not wish to take an appeal.

(*Id.*) Accordingly, Smoots filed no direct appeal; instead, on April 17, 2017, he filed a motion to vacate that was not on this Court's form (*see* Doc. 37, at 4). After being instructed to file his action on this Court's form § 2255 petition (*see* Doc. 38), Petitioner complied and filed his complaint on this Court's form (*see* Doc. 39), wherein he raised the following claims which he asserts entitle him to collateral relief: (1) the .38 Special handgun did not belong to him (Doc. 39, at 4 ("Tiffany Smoots, the defendant[']s daughter, purchased the handgun legally. It is registered to her, but is stored in the closet of the defendant so it is out of reach of her children.")); (2) the other two firearms in the [defendant's] closet, the Springfield 410 shotgun and the Winchester 30 W.C.F. rifle, were not loaded (*id.* at 5; *see also id.* ("Both firearms were in storage, inconspicuously, out of sight, and out of mind. The firearms were not at any point furthering, or supporting, by use, attempted use, or perceived threat, a felonious crime, or in this case, the furtherance of drug trafficking."); and (3) the failure to provide individual proof of constructive possession under the three elements raised in U.S. v. Terry (*id.* at 7; *see also id.* ("Although the defendant had knowledge of the presence of the guns, and the power to exercise dominion of the guns, he did not at any point have the intention to exercise dominion and control of the guns. In other words[,] the defendant at no point in . . . [his] time selling crack cocaine[] . . . intend[ed] on using, brandish[ing], or facilitat[ing] the use of the firearms.")).

Because all of these claims strike at the heart of the sufficiency of the evidence supporting his gun possession conviction, the government filed a motion to dismiss on

May 31, 2017 (Doc. 41), and argued that this Court is procedurally barred from reaching the merits of Smoots' claims due to his failure to pursue these claims on direct appeal (*see id.*, at 1-2).

## CONCLUSIONS OF LAW

Section 2255 reads, in relevant part, as follows: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

### A.   **Cognizable Claim**?

Petitioner's arguments center on the sufficiency of the evidence to support his firearm possession conviction. Smoots asserts he did not knowingly possess any of the firearms recovered by sheriff's deputies from his master bedroom closet during and in relation to or in furtherance of the drug-trafficking crime set forth in Count 1 of the Indictment. (*See* Doc. 39). Initially, the undersigned questions whether Smoots' challenges to the sufficiency of the evidence are cognizable on a § 2255 motion to vacate. *Compare Cox v. United States,* 2013 WL 1909429, *3 (N.D. Ala. May 2, 2013) ("Because an evidentiary sufficiency challenge is not cognizable on a motion to vacate under § 2255, Cox's argument offers no basis for relief.") *with United States v. Forrester,* 456 F.2d 905, 906 (5th Cir.) ("This contention questions only the sufficiency of the evidence to sustain Forrester's conviction, and is not a contention cognizable on

a collateral motion under § 2255."), *cert. denied,* 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101 (1972); *see Lynn v. United States,* 365 F.3d 1225, 1232-34 (11th Cir.) (tackling first the question of whether petitioner's claims were cognizable in a § 2255 motion), *cert. denied,* 543 U.S. 891, 125 S.Ct. 167, 160 L.Ed.2d 154 (2004); *Ayuso v. United States,* 361 Fed.Appx. 988, 991 (11th Cir. Jan. 22, 2010) (finding petitioner's sentencing claim not cognizable under § 2255 "because it is not a constitutional error and does not rise to the level of a miscarriage of justice."). Accordingly, Smoots' motion to vacate (Doc. 39) should be **DENIED** on this basis alone. However, even if this Court accepted Smoots' characterization of his claims as constitutional claims cognizable in this collateral petition, the government is correct that his motion is due to be dismissed under the procedural default doctrine.

### B.    Procedural Default.

"Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" *McKay v. United States,* 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting *Lynn, supra,* 365 F.3d at 1234), *cert. denied,* 568 U.S. 830, 133 S.Ct. 112, 184 L.Ed.2d 52 (2012); *see also Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003) ("The background for our discussion is the general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). "This rule generally applies to all claims, including constitutional claims[,]" *Lynn, supra,* 365 F.3d at 1234 (citations omitted), and certainly applies to sufficiency of the evidence claims, *see Aguero v. United States,* 580 Fed.Appx. 748,

751-54 (11th Cir. Sept. 12, 2014) (acknowledging the procedural default doctrine applies to sufficiency of the evidence claims); *Cox, supra,* at *3 (applying procedural default rule to Petitioner's sufficiency of the evidence claim).

Smoots did not file a direct appeal; therefore, his sufficiency of the evidence claims, which actually boil down to an overarching assertion that he did not knowingly possess any of the firearms recovered by sheriff's deputies from his master bedroom closet during and in relation to or in furtherance of the drug-trafficking crime set forth in Count 1 of the Indictment, are procedurally barred from being raised in his § 2255 motion. However, there are two exceptions to the procedural default rule, neither of which applies in this case. "The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence." *McKay, supra,* 657 F.3d at 1196 (citation omitted).

> Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if a constitutional violation has probably resulted in the conviction of one who is actually innocent.

*Lynn, supra,* 365 F.3d at 1234 (internal citations and quotation marks omitted; emphasis in original).

This Court can easily dispense of both exceptions. Smoots does not argue to this Court that the cause and prejudice exception applies and, therefore, this Court need "not address this exception." *McKay, supra,* 657 F.3d at 1196 ("Because McKay does not argue on appeal that the cause and prejudice exception applies—nor for that matter did he do so at the district court—we do not address this exception."). The second

narrow exception does not apply because Smoots has not supplied any evidence to this Court establishing his actual, factual innocence of possessing a firearm during and in relation to or in furtherance of the drug-trafficking crime set forth in Count 1 of the Indictment. *Compare Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (finding that, to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.") and *id.* at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.") *with McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013) ("[T]enable actual-innocence gateway pleas are *rare*: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'") and *San Martin v. McNeil,* 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied,* 565 U.S. 843, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011). Instead, he simply makes a conclusory argument that he did not knowingly—that is, he had no intent to—possess any of the firearms that he acknowledges were in his bedroom closet and over which he asserts he had the power to exercise dominion (*see* Doc. 39). However, nothing about Petitioner's conclusory argument is grounded in newly-discovered evidence not known at the time of entry of his guilty pleas nor does this argument

establish his actual, factual innocence of possessing a firearm during and in relation to or in furtherance of the drug-trafficking crime set forth in Count 1 of the Indictment, a crime he has never challenged. This is simply not one of those rare cases in which the actual innocence exception is applicable. Because neither exception is applicable, federal review of the claims he raised in his § 2255 motion (Doc. 39) is precluded.[4] Accordingly, the Magistrate Judge recommends that the Court deny Smoots' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 and grant the government's motion to dismiss.

### C.   Certificate of Appealability.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).  Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it

---

[4] This case does not require an evidentiary hearing because "'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]'" *Broadwater v. United States,* 292 F.3d 1302, 1303 (11th Cir. 2003) (citation omitted).

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the procedural default doctrine (as well as Petitioner's inability to establish one of the narrow exceptions to application of this doctrine), a reasonable jurist could not conclude that this Court is in error for summarily dismissing Smoots' motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing

for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge is of the opinion, based on the foregoing discussion, that Petitioner's motion to vacate, set aside or correct his sentence (Doc. 39) should be **DENIED** and the government's motion to dismiss (Doc. 41) **GRANTED**. Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 28th day of July, 2017.

                        s/P. BRADLEY MURRAY
                        **UNITED STATES MAGISTRATE JUDGE**